IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ANDREIES BLUITT, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-0089 |
| | § | |
| GEICO AUTOMOBILE INSURANCE | § | |
| CO., *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on the Rule 12(b)(5) and Rule 12(b)(6) Motion

("Motion") [Doc. # 4] filed by Defendants City of Houston and Charles A.

McClelland, Jr.[1]  Plaintiffs neither filed any opposition to the Motion nor requested

additional time to do so.  Pursuant to the Local Rules of the United States District

Court for the Southern District of Texas, failure to respond to a motion is taken as a

representation of no opposition.  S.D. TEX. R. 7.3, 7.4.  Having reviewed the record

and applicable legal authorities, the Court **grants** the Motion.

Plaintiffs purported to serve the summons and complaint on Defendants City

of Houston and McClelland by sending them by Federal Express.  In accordance with

Rule 12(b)(5) of the Federal Rules of Civil Procedure, Defendants challenge this

---

[1]     McClelland is the Chief of the Houston Police Department and is sued in both his official and individual capacities.

method of service.  Once service is challenged, Plaintiff as the party responsible for completing service bears the burden to show that service was valid.  *See Systems Signs Supplies v. United States Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).

Rule 4 of the Federal Rules of Civil Procedure allows service on an individual within the United States by "delivering a copy of the summons and of the complaint to the individual personally; leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or delivering a copy of each to an agent authorized by appointment or by law to receive service of process."  FED. R. CIV. P. 4(e)(2).  Service on an individual may also be accomplished in accordance with the laws of the state in which the district court is located.  *See* FED. R. CIV. P. 4(e)(1).  Rule 4 allows service on a state or local government by "delivering a copy of the summons and of the complaint to its chief executive officer; or serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant."  FED. R. CIV. P. 4(j)(2).  Texas law permits service by "delivering to the defendant, in person, a true copy of the citation with the date of delivery endorsed thereon with a copy of the petition attached thereto, or mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto."  TEX. R. CIV. P. 106.

Although Texas law allows service by registered or certified mail, return receipt requested, service by Federal Express is not listed as an authorized means of service on an individual or a local governmental entity under Rule 4 or the Texas Rules of Civil Procedure.  Plaintiffs have presented no argument or legal authority to the contrary.  Accordingly, it is hereby

**ORDERED** that the Motion to Dismiss [Doc. # 4] is **GRANTED** and Plaintiffs' claims against the City of Houston and Chief McClelland are **DISMISSED**. It is further

**ORDERED** that by **May 10, 2011**, Plaintiffs shall either present evidence of service on the remaining Defendants or show cause why this case should not be dismissed for lack of service.  Plaintiffs are advised that failure to comply will result in dismissal of this case pursuant to Rule 4(m) of the Federal Rules of Civil Procedure as against any unserved Defendant.

SIGNED at Houston, Texas, this **31**[st] day of **March, 2011**.

Nancy F. Atlas
United States District Judge